**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1059n.06

Nos. 11-5168/5328, 11-5170/5330, 11-5172/5332, 11-5523/5524, 11-5570/5571,
AND
Nos. 11-5666, 11-5667, 11-5668, 11-5669, 11-5671

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Oct 05, 2012*
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| Nos. 11-5168/5328, 11-5170/5330, 11-5172/<br>5332, 11-5523/5524, 11-5570/5571   ) | |
| ) | |
| ALLEN SAGAN, et al.,   ) | |
| ) | |
|     Plaintiffs-Appellants/Cross-Appellees,   ) | |
| ) | |
| v.   ) | |
| ) | |
| SUMNER COUNTY BOARD OF   )<br>EDUCATION, | |
| ) | |
|     Defendant-Appellee/Cross-Appellants,   ) | |
| ) | |
| DONNA WEIDENBENNER, Individually and   )<br>in her official capacity as the Special Needs   )<br>Teacher of Station Camp Elementary School,   ) | |
| ) | |
|     Defendant-Appellee.   ) | ON APPEAL FROM THE UNITED |
| -----------------------------------------------------------   ) | STATES DISTRICT COURT FOR T H E |
| Nos. 11-5666, 11-5667, 11-5668,   )<br>11-5669, 11-5671 | MIDDLE DISTRICT OF TENNESSEE |
| ) | |
| CHARLIE JACKSON, et al.,   ) | |
| ) | |
|     Plaintiffs-Appellees,   ) | |
| ) | |
| v.   ) | |
| ) | |
| SUMNER COUNTY BOARD OF   )<br>EDUCATION, | |
| ) | |
|     Defendant-Appellant,   ) | |
| ) | |
| DONNA WEIDENBENNER, Individually and   )<br>in her official capacity as the Special Needs   )<br>Teacher of Station Camp Elementary School,   ) | |
| ) | |
|     Defendant.   ) | |

Nos. 11-5168/5328, 11-5170/5330, 11-5172/5332, 11-5523/5524, 11-5570/5571, 11-5666, 11-5667, 11-5668, 11-5669, 11-5671
*Sagan, et al. v. Sumner Cnty. Bd. of Educ., et al.*

Before: GUY, SILER, and COOK, Circuit Judges.

PER CURIAM. Plaintiffs-appellants, the parents of five mentally disabled children allegedly abused by special needs teacher Donna Weidenbenner, appeal the district court's grant of summary judgment in favor of defendants-appellees Weidenbenner and the Sumner County Board of Education ("Sumner") (Nos. 11-5168, 11-5170, 11-5172, 11-5523, 11-5570). Sumner cross-appeals the district court's denial of its Individuals with Disabilities Education Act (IDEA) exhaustion affirmative defense (Nos. 11-5328, 11-5330, 11-5332, 11-5524, 11-5571). Sumner separately appeals the district court's denial of attorneys' fees (Nos. 11-5666, 11-5667, 11-5668, 11-5669, 11-5671). For the following reasons, we DISMISS plaintiffs' appeals, DISMISS AS MOOT Sumner's cross-appeals, and VACATE the district court's judgments denying attorneys' fees for further review consistent with this opinion.

I.

Although plaintiffs initially brought other claims against Sumner and Weidenbenner, only a portion of their claims under 42 U.S.C. § 1983 survived to the summary judgment stage and remain on appeal. Though stated in different ways, these claims reduce to allegations that (1) Weidenbenner's abuse deprived the five Jane and John Doe children of their First and Fourteenth Amendment rights to be free from excessive force; and (2) that Sumner's failure to supervise Weidenbenner or train employees in detecting abuse makes Sumner liable. In five separate opinions,

the district court thoroughly examined the record evidence on these claims and found that plaintiffs' evidence of Weidenbenner's conduct, though troubling, did not "shock the conscience" as required for a constitutional violation.

## II.

Though we generally give fresh review to a district court's grant of summary judgment under the standard of Federal Rule of Civil Procedure 56, appellants' untimely and wholly deficient briefing prevents us from doing so here. We briefly review the appellate proceedings.

After receiving a sixty-day extension to the original briefing schedule, technological difficulties caused appellants to file their initial brief one day late. The clerk's office discovered that the brief did not comply with this court's form requirements and informed counsel that it would need to file a corrected brief no later than December 22, 2011. We reiterated this new deadline twice more, first in our December 8, 2011 order denying appellants' motion to file an overlength brief and again in the accompanying clerk's letter resetting the briefing schedule for these appeals. Our order also specifically "directed" appellants' counsel "to file a corrected first brief . . . including revised references to the record to eliminate the string citations to and excessive duplication of record references." Despite these specific instructions, appellants' counsel filed a non-conforming brief more than two weeks late after receiving an overdue-brief notice from the clerk's office. By letter

of January 12, 2012, the Clerk's Office accepted the overdue brief and reset the briefing schedule for the remaining briefs.

Counsel blames paralegal oversight for the late brief, but offers no explanation for the indecipherable record citations throughout the document. The most egregious of these involve lengthy string citations to pleadings and records, often without pin cites, followed by *literally* pages of non-descript "*id.*" citations. (*See* Appellants' Corrected First Br. at 7–9, 10–12, 17–22.) Similar scattershot citation clusters plague counsel's attorneys' fees brief. (*See, e.g.*, Appellees' Attorneys' Fees Br. at 26–29, 33–46.) Indeed, some of the citation clusters span entire pages, and others appear to be exact duplicates of the prior citation cluster. (*Compare id.* at 43–44, *with id.* at 44–45.) Counsel repeatedly cites unspecified allegations from the complaints, district court briefs, and responses to defendants' statement of material facts, leaving for the court to discern the origin of the information, which children the information relates to, and whether it has record support. While such lackadaisical citations would be inappropriate for any case, they preclude meaningful review of the voluminous record for these consolidated cases.

Making matters worse, appellants fail to offer a cogent argument for how the record evidence supports triable issues of constitutional violations for any of the five children. To demonstrate that a teacher's conduct violates a student's substantive due process rights, the student must show that "the force applied caused injury so severe, was so disproportionate to the need presented, and was so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it

amounted to a brutal and inhumane abuse of official power literally shocking to the conscience." *Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (quoting *Webb v. McCullough*, 828 F.2d 1151, 1158 (6th Cir. 1987)). Though their argument section on this point begins by asserting that appellants "have *alleged* a pattern of non-disciplinary severe abuse against their children" (Appellants' Corrected Br. at 27 (emphasis added)), it makes no effort to show how the record evidence supports any of the children's claims under the controlling legal standard. Rather, the remainder of the "argument" on that point consists of generic explanations of what happened in other teacher-abuse cases, concluding with the bald assertion that their evidence meets the standard set forth in *Webb*.

This argument falls well short of plaintiffs' summary-judgment burden of presenting *evidence* demonstrating genuine issues of material fact. Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute . . . .") (emphasis added), 56(e) (noting that the district court may deem a fact undisputed for purposes of summary judgment "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)"). The district court has no independent obligation to search the record for evidence that would enable a party's claims to survive summary judgment, and neither do we. *See, e.g.*, *Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir. 2008); Fed. R. App. P. 28(a)(7) and (e); 6 Cir. R. 28(a).

Faced with these deficiencies, we must determine the appropriate sanction. The failure to abide by the court's briefing schedule alone may result in the dismissal of an appeal for want of prosecution. 6th Cir. R. 26(b). We have also recognized that "dismissal is appropriate . . . when a brief is so inadequate that a court cannot interpret it at all," and when appellants "were given a chance to correct their errors and failed to do so." *Bush v. Dictaphone Corp.*, 161 F.3d 363, 366 (6th Cir. 1998) (declining to dismiss the appeal because the reply brief fully complied with the appellate rules). Despite receiving a sixty-day extension and an opportunity to cure the non-conforming brief, appellants' counsel without good cause filed a late brief that offers nothing but allegations, dubious record citations, and conclusory arguments. The resulting "corrected brief" fails to identify an error of law or fact in the district court's five summary judgment opinions on the central issue of a constitutional violation. And without a constitutional violation, appellants cannot establish their failure-to-train and failure-to-supervise claims against Sumner. Though dismissal is a sanction of last resort, the repeated missed deadlines and briefing deficiencies support it here. We therefore dismiss plaintiffs' appeals with prejudice.

Dismissal of plaintiffs' appeals renders Sumner's cross-appeals on liability moot.

III.

Finally, we review for abuse of discretion Sumner's appeal of the district court's denial of attorneys' fees under 42 U.S.C. § 1988. *Dubay v. Wells*, 506 F.3d 422, 431 (6th Cir. 2007).

Applying that standard, we will reverse only if the district court "'commits a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact.'" *Jones v. Ill. Cent. R.R. Co.*, 617 F.3d 843, 850 (6th Cir. 2010) (quoting *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir. 2008)).

Though awarding fees against a losing civil rights plaintiff is "an extreme sanction" reserved for "truly egregious cases of misconduct," *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001) (citation omitted), courts grant fees where "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith," *N.E. v. Hedges*, 391 F.3d 832, 836 (6th Cir. 2004) (citation omitted). In making this determination, courts should "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421–22 (1978). But fees will be awarded if a plaintiff "continue[s] to litigate after it clearly became" frivolous, unreasonable, or groundless. *Id.* at 422.

The district court's fees opinions, which are virtually identical for all five plaintiffs, acknowledge that the evidence of abuse was "quite scant," and that "[p]laintiffs themselves were in possession of all the relevant information supporting their claims even before filing suit in this case." The court further noted that "the Complaint contained numerous allegations regarding abuse allegedly perpetrated against other children than [the plaintiffs' children], and many of these

- 7 -

allegations apparently were entirely without evidentiary foundation." Nevertheless, the court excused *all* of plaintiffs' litigation, explaining that "[p]laintiffs confronted a challenging factual situation in light of [the children's] youth, developmental disabilities, and limited ability to communicate, and reasonably argued for extending the frontier of what constitutes abuse arising to a constitutional violation in the pedagogical context when the victim of the abuse is a special-needs child."

Unfortunately, the court's rote analysis fails to account for the different circumstances of each child, at least one of whom (Long) presented absolutely no evidence of abuse by Weidenbenner. (*See* No. 11-5523, R. 89, Pl.'s Resp. Mot. Summ. J. at 2–10 (alleging acts of abuse against other children).) It also fails to address the admittedly groundless claims dismissed earlier in the litigation, including the loss-of-familial-association claim. (*See, e.g.*, No. 11-5523, R. 39, Resp. Mot. Dismiss at 10–11 (conceding that "[t]he extent to which the child has been damaged *isn't known* at this motion to dismiss stage and *whether or not the relationship has been rendered meaningless* for purposes of a violation of this constitutional violation") (emphasis added).) If, as the district court stated, the plaintiffs possessed "all the relevant information supporting their claims . . . before filing suit in this case," they should have known that at least some of the claims of some of the children lacked a basic foundation in fact, either from the outset, or as they completed discovery. To repeat, the governing standard for attorneys' fees does not require a showing of bad faith. *N.E.*, 391 F.3d

at 836.  While we appreciate the unique difficulties confronted by these parents, they do not excuse the filing and prosecution of patently frivolous claims.

Soon after the district court issued its fees decisions, the Supreme Court clarified that prevailing defendants may recover attorneys' fees where only some of the plaintiffs' claims are frivolous.  *Fox v. Vice*, 131 S. Ct. 2205, 2214 (2011).  The district court abused its discretion by failing to consider plaintiffs and their respective claims individually.  We leave for the district court to determine which plaintiffs pursued frivolous claims and the appropriate sanctions, to be determined by the information known to plaintiffs at the time they took actions advancing or defending those claims.  Accordingly, we vacate and remand the district court's fees decisions for further review consistent with this opinion.

IV.

For the above reasons, we DISMISS plaintiffs' appeals (Nos. 11-5168, 11-5170, 11-5172, 11-5523, 11-5570) WITH PREJUDICE, DISMISS AS MOOT Sumner's cross-appeals (Nos. 11-5328, 11-5330, 11-5332, 11-5524, 11-5571), and VACATE the district court's judgments denying attorneys' fees (Nos. 11-5666, 11-5667, 11-5668, 11-5669, 11-5671) for further review consistent with this opinion.